IN THE OREGON TAX COURT
REGULAR DIVISION
Mandamus; Review
Personal Income Tax

THERESA M. SEELEY,           )
                                           )
          Plaintiff-Relator.      )   **TC 5489**
      v.                            )
                                           )   **ORDER DISMISSING PETITION FOR**
PORTLAND PUBLIC SCHOOLS,    )   **WRIT OF MANDAMUS AND WRIT OF**
                                         )   **REVIEW, AND DENYING**
          Defendant.           )   **DEFENDANT'S MOTION TO DISMISS**

This matter is before the court on Relator's "Petition for Writ of Mandamus per ORS 34.120(2)," which the court alternatively considers as a petition for writ of review. Defendant in this case is Relator's former employer, Portland Public Schools. Simultaneous with her petition in this case, Relator filed a similarly titled petition against the Oregon Department of Revenue in TC 5488. Perceiving some potential overlap, the court ordered a joint initial hearing and briefing to determine whether to issue either type of writ in either or both cases. This order refers to, and should be read together with, the order issued today in TC 5488.

In this case, Relator asks the court to order Defendant to take 10 actions related to her compensation and retirement benefits for services performed from 1992 through 2022. (*See* Rel's Petition at 7 (listing Requests 1 through 10); *see id.* at 1 ("NATURE OF COMPLAINT: Failure of Statutory Duties of Reporting and Remitting by Property Rights-ORS238 TIER One & Employee Worker Status for all Years of employment for tax, pension, and FICA purposes all

years of employment 1992-2022 and thereafter.").) Applying the Oregon Supreme Court's framework in *Sanok v. Grimes*, the court first determines that these requested actions constitute four claims for an order requiring Defendant to (1) correct tax information returns, as well as certain reports filed for purposes of the Oregon Public Employees Retirement System (PERS), to enable Relator to pursue additional benefits under the PERS retirement plan, and possibly also under social security laws; (2) remit to the respective taxing authorities the employee share of federal social security and Medicare taxes (FICA) and Oregon income tax that Defendant withheld from Relator's pay, as well as the employer share of FICA that Defendant owed directly, and arguably to remit retirement contributions to PERS; (3) pay Relator approximately $240,000 in "Missing Salary"; and (4) pay Relator damages for intentional infliction of emotional distress and punitive damages in connection with alleged fraud. *See Sanok v. Grimes,* 294 Or 684, 662 P2d 693 (1983).

The court concludes that it lacks subject matter jurisdiction over Relator's claims and therefore cannot issue either type of writ. Relator's Claims (1), (2), and (4) are outside the court's jurisdiction because they do not affect Relator's tax liability. Claim (3) is a wage claim, as to which Oregon statutes expressly vest jurisdiction outside this court.

## I. ISSUES

A. Whether this court has subject matter jurisdiction under 305.410 to order the actions Relator requests.

B. To the extent that the court has subject matter jurisdiction, whether Relator has a plain, speedy, and adequate remedy at law such that issuance of any writ of mandamus is precluded.

C. To the extent that the court has subject matter jurisdiction, whether the court should issue a writ of review in lieu of a writ of mandamus.

## II. ANALYSIS

A.    *Subject Matter Jurisdiction*

ORS 34.120(2) provides, in relevant part, that "[t]he regular division of the Oregon Tax Court shall have jurisdiction in mandamus proceedings in all cases within its jurisdiction as described in ORS 305.410 * * * ."[1] Under Oregon Supreme Court case law, to determine jurisdiction under ORS 305.410, this court undertakes a three-part analysis:

"1.    Identify the 'subject matter of each claim.' *Sanok*, 294 Or at 689 n 22.

"2.    Determine whether any statute 'expressly' or 'positively' (*id*. at 692)

    "a.    Precludes jurisdiction in this court (*see, e.g.,* ORS 305.410(1)(a)-(o) (listing provisions that 'are not tax laws of this state'));

    "b.    Confers jurisdiction in this court (*see, e.g*., ORS 320.330 (providing for 'appeals to the Oregon Tax Court')); or

    "c.    Confers jurisdiction in a different court (*see Sanok*, 294 Or at 692 n 6 ('Where jurisdiction over a case is positively located in another court, then that procedural fact implies that the case is not one "'arising under the tax laws'" and is not within the jurisdiction of the Tax Court.").)

    "If the legislature has expressly defined jurisdiction in any of these ways, no further analysis is needed.

"3.    If no statute expressly precludes or confers jurisdiction, determine whether the matter arises under the 'tax laws of this state,' a term that the legislature has defined only by the list of exclusions in ORS 305.410(1). *See id.* at 692. The Supreme Court's framework aids in this task by providing:

    "a.    'Questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws.' *Sanok*, 294 Or at 697.

    "b.    A 'claim is not one "'arising under the tax laws'" unless it has some bearing on tax liability.' *Id*. at 701."

*Hefflinger v. Dept of Rev.,* __ OTR __ (Oct 9, 2025) (slip op at 3-4).

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2025 edition.

1. *Analysis of Relator's Claims.*

Turning to the first step, identifying the subject matter of each claim, the court starts with a list in the petition reciting 10 actions that Relator asks the court to command Defendant to perform (each, a Request):

1. "Immediate W2 Corrections: perform corrections to W2s for pension type as IRS 401(a), Gross Salary aka Total Compensation for tax, FICA and PERS purposes[.]

   "a) correctio[n] to W2 Box 1, 3, 5, 12, 14, all years :
   "b) W2 Box 11 correction for Pension Type and Worker Status;
   "c) According to reporting for "full" FICA,
   "d) to include all cash and non-cash salary with IRS codes for: MPPT and MPAT: 1992-2022;
   "e) Correction of portioner's Worker Status to Employee Worker Status;
   "f) reporting and remitting to affiliated agencies for FICA, IRS, SSA, PERS.;

2. "Immediate Correction to PERS ER data for Final Average Salary by PPS-ACS Total Compensation, Total Compensation, all years, Corrected Creditable Service: 2017, 2018; Correct Job Class to General Service 2009-2022, and thereafter; and for FICA Salary, Severance from Employment: January 2021;

3. "Release all MPAT for the PERS ORS238 Regular Account: 1993-2003 and IAP Account, HB2020 (2003)-a) Release of all ORS401(a), (aka ORS238 TIER One MPPT, MPAT) remittances: 1993-2022, by correct Total Compensation, and without reductions, as owed to the pension accounts of the Relator, per 26 CFR, IRS Publication 15-E, IRS VCSP program, PL 101-508, Approved 11/5/1990, ORS238.660, 238.710, IRS VCPS rules, HB3262, HB 2020, 2020 BCCA, SSA rules, for correction of Monetary Values:

4. "Remit and Release funds for FICA purposes by corrected Salary, Gross Salary, Total Compensation, not Net Wages aka Actual Wages all years by ORS238 TIER One plan provisions, Employee Worker Status, and correct Salary Base, 1992-2022 and thereafter;"

5. Remit "the [employer] share of FICA taxes at the corrected Salary Base by Total Compensation not Net Salary for FICA remittances, and Employee Worker Status, all years, 1999-2022 by PPS and as the successor [employer] * * * ;"

6. "Release of all unremitted W2 Box 17, State of Oregon Taxes, 2014-2022, and all years of this pattern.;"

7. "PERS Benefit Determinations for life-time payment without reductions."

8. Correct and complete "new benefit estimates and entitlements for IAP determination and lump sum payment August 2022 without reductions.;"

9. Remit "Missing Salary 2014-2021 – about $240,000."

10. Order "Punitive damages according to IRS, Tort regulations for emotional distress, evasion of law, intentional reporting and remitting errors, per incident."

(Rel's Petition at 17 (emphases omitted).)

Applying the first part of the *Sanok* analysis, the court sorts the 10 Requests into "claims," grouping the Requests based on "significant factual overlap" and on whether they assert a single "legal right" or a single "recovery." *See Dept. of Rev. v. Universal Foods Corp.,* 311 Or 537, 547-49, 815 P2d 1237 (1991) (considering definition of "claim" for purposes of limited judgment rule under Tax Court Rule (TCR) 67 B); *see also Seeley v. Dept. of Rev.,* __ OTR __ (TC 5488) (July 13, 2026) (slip op at 6). In doing so, the court draws from the narrative in Relator's Petition and the other filings to date. By this method, the court concludes that Relator's 10 Requests raise the following four claims.

*Claim (1): Failure to correctly report data on pay, tax, or retirement plan reports.* Applying the first part of *Sanok*, the court determines that Requests 1, 2, 3, 7, and 8 constitute a single claim for an order requiring Defendant to perform the following tasks as preconditions to additional benefits for Relator under the PERS retirement plan, or possibly under social security laws, or both:[2]

- Correct data on Forms W-2 (Request 1).

- Correct Oregon PERS data (Requests 2, 7, and 8).

---

[2] These Requests and others may arise from an argument by Relator that Defendant misclassified her as an independent contractor for payments as to which she was actually an employee. (*See* Rel's Petition at 1-2 ("These W2 changes falsify retirement type + worker status, without a legal basis, + by deceipt [sic]. A change from W2 Box 13 to Box 11 falsifies Oregon pension type + worker status to opposite/different investment (IRS 457) + Independent Contractor when IRS 401(a)/ORS 238 Tier 1 + Employee Worker Status applies, and did this change without a legal basis + BY DECEPTION.").)

- Deliver data to PERS regarding "Member Paid After Tax" amounts that Relator earned (Request 3).[3]

Applying the second part of *Sanok,* the court is aware of no statute that expressly confers or precludes jurisdiction in any court for an employee's claim for incorrect tax reporting that is not ancillary to a claim for a tax refund or the reduction of a tax assessment. *Cf. Seeley v. Dept. of Rev.*, __ OTR __ (July 13, 2026) (slip op at 7). Oregon law, building on federal law, does impose substantial information reporting requirements, such as annual wage reporting on Internal Revenue Service Form W-2 and reporting of other income paid on Form 1099. *See id.* (slip op at 7 n 3 ("Oregon relies to a substantial extent on federal tax information reporting requirements, generally requiring copies of federal forms to also be filed with Defendant. *See* ORS 314.360(1).").) However, the court is not aware of any statute prescribing jurisdiction in a specific court for a claim by an employee or a payee to require an employer or a payor to correct those information returns. *See id.* (slip op at 9). Oregon law also requires an employer to correctly report earnings data for purposes of the PERS retirement plan. *See* ORS 238.705; 238.707; OAR 459-009-0100(2)(a) (requiring public employers to transmit to PERS an itemized report including wage, service, and demographic data for all employees for a pay period.) However, Relator identifies no statute that allows a claim by an employee that the employer has failed to do so, much less a statute conferring jurisdiction on any court to adjudicate such a claim. *Cf.* ORS 238.710 (authorizing *PERS board* to request a writ of mandamus in circuit court compelling information from the public employer). The court thus concludes that no statute expressly confers or precludes jurisdiction in this court or another court.

---

[3] Alternatively, based on the words "release" and "remittances," Request 3 can be read to seek an order directing Defendant to transfer money to PERS, not merely data. Under this alternative reading, the court would treat Request 3 as part of Claim (2), discussed below.

ORDER DISMISSING PETITION FOR WRIT OF
MANDAMUS AND WRIT OF REVIEW, AND
DENYING DEFENDANT'S MOTIONS TO DISMISS
TC 5489

Moving to the third part of the *Sanok* analysis, the court concludes that Claim (1) need not "be resolved in order to decide taxability or the amount of tax," nor does it "ha[ve] some bearing on tax liability." *Sanok*, 294 Or at 697, 701. It is true that, if Relator were to prevail on her first claim, the corrected data might support one or more additional claims by Relator, such as a claim for additional retirement pay, which might in turn affect the amount of personal income tax she owes for one or more years. But the likelihood, amount, and timing of any such additional claim--and therefore any effect on Relator's gross receipts, gross income, or taxable income for any particular year--are entirely speculative. *See Deras v. Dept. of Rev.*, __ OTR __ (Apr 6, 2026) (slip op at 10-12) (explaining steps and factors in computing taxable income and tax liability). The court concludes that Claim (1) is outside this court's jurisdiction to the same extent as a claim for other kinds of recovery, such as under tort or contract law, that if successful could result in a payment that might be within the definition of gross income and that might, when combined with other factors, affect Relator's tax liability for one or more years.

*Claim (2): Failure to remit employment taxes or PERS contributions.* Under the first part of the *Sanok* analysis, the court determines that Requests 4, 5, and 6 ask the court to order Defendant to remit to the respective taxing authorities the employee share of federal social security and Medicare taxes (FICA) and Oregon income tax that Defendant withheld from Relator's pay, as well as the employer share of FICA that Defendant owed directly. And as noted above, the court finds that Request 3 can be read to seek an order directing Defendant to remit money to PERS, presumably retirement contributions. The court proceeds to the second part of the *Sanok* analysis.

Starting with employment taxes, the court is not aware of any statute that expressly confers or precludes jurisdiction in any court for a claim by an employee against an employer for failure to remit withheld Oregon withholding tax or FICA, or for failure to pay the employer's

own share of FICA. Oregon law and federal law require an employer to withhold income tax and the employee share of FICA from an employee's wages and to remit those amounts to the respective taxing authority, and federal law imposes tax directly on an employer for the employer share of FICA. *See* ORS 316.167(1) (requiring withholding of personal income tax from wages); ORS 316.168(1)-(3) (requiring quarterly reporting and remittance of withheld amounts and taxes directly owed); IRC § 3401(a)[4] (requiring withholding of federal income tax); IRC § 3102(a) (requiring withholding of employee share of social security tax and Medicare tax); IRC § 3111(a)-(b) (imposing social security tax and Medicare tax on employer); Treas Reg § 31.6151-1(a) (taxes payable when return is filed); Treas Reg § 31.6011(a)-1(a) (FICA returns generally due quarterly); Treas Reg § 31.6011(a)-4(a) (same for returns of income tax withholding). Strong remedies allow the state or federal government to collect unremitted tax from the employer, and even from certain individuals associated with the employer. *See* ORS 316.207 (employer deemed to hold withheld tax in trust for state; allowing Defendant to collect unremitted amounts by issuance of distraint warrant; officer, employee, or member of employer may be personally liable); IRC § 3403 (employer responsible for payment of tax required to be deducted and withheld); IRC § 6672 (imposing 100-percent penalty on officer or other "person" who willfully fails to pay amounts required to be collected and paid over). However, an employee is credited with the amount of personal income tax reported as withheld regardless of whether the employer remits it. *See* ORS 316.187 ("The amounts *deducted* from the wages of an employee * * * shall be considered to be in part payment of the tax on such employee's income * * *.") (emphasis added); IRC § 3402(d) (describing employee income tax

---

[4] References to the federal Internal Revenue Code (IRC) and to United States Treasury Regulations thereunder (Treas Reg) are to the respective editions in effect as of the date of this order.

as "the tax against which [withheld employment taxes] may be credited"). This credit would seem to explain why the court has found no statute creating, or expressly assigning jurisdiction to any court, for an employee's claim for failure to remit employment taxes withheld from the employee's wages. *See generally* OAR 150-316-0336 ("Recourse against an employer in regard to taxes on wages withheld and reported, but not paid to the Department of Revenue, is exclusively that of the state. An employee's rights as to any such tax withheld, reported and unpaid are those of a tax credit or refund as provided in ORS 316.187 and OAR 150-316-0295.").

Similarly, assuming that Relator's Request 3 is read as a request to compel Defendant to "release" or "remit[ ]" retirement plan contribution amounts to PERS, the court has found no statute that expressly contemplates an action by an employee against an employer to enforce the payment of contributions.[5]

The court concludes that no statute expressly confers or precludes jurisdiction in any court for Relator's Claim 2.

The court proceeds to apply the third part of the *Sanok* analysis to the alleged failures of Defendant to remit either employment taxes or retirement contribution amounts. As to both alleged failures, the court concludes that Relator's tax liability is unaffected. As discussed above, because an employee may be credited with tax amounts withheld, regardless of whether the employer remits those amounts, an employer's failure to remit does not "affect tax liability."

---

[5] PERS' administrative rules do allow a person to seek administrative and judicial review of a PERS staff action or determination. Persons dissatisfied with the outcome may, as an initial matter, request a contested case hearing. *See* OAR 459-001-0030(2) (allowing request for review); *id*. at (9)(b) (allowing request for contested case hearing). A person aggrieved by a *contested case order* issued by PERS may appeal the order to the Oregon Court of Appeals; a person aggrieved by an *other than contested case order* may appeal to the appropriate circuit court. *See* ORS 183.310(1) (defining agency)*;* ORS 183.482(1) (allowing appeal of contested case orders in the Court of Appeals); ORS 183.484(1) (allowing appeal of other than contested case orders in circuit court).

An employee's tax liability is equally unaffected by the employer's failure to pay taxes imposed directly on the employer, such as the employer's share of FICA. And to the extent that Relator alleges that Defendant failed to pay to PERS money "owed to the pension accounts of the Relator," the court finds any effect on Relator's tax liability speculative, as discussed in the analysis of Claim (1) above. (Rel's Petition at 17.)

Accordingly, the court concludes that Relator's Claim (2) does not arise under the tax laws of this state because any failures of Defendant to remit taxes or retirement-related payments have no effect on Relator's tax liability.

*Claim (3): Failure to pay salary.* Request 9 seeks an order that Defendant must "[r]emit" "Missing Salary" for 2014 to 2021, amounting to "about $240,000." Applying the first part of the *Sanok* analysis, the court understands Relator to assert that this amount should be remitted to her, not to tax authorities or to her retirement benefit administrator. The court, therefore, treats this as a claim for unpaid wages. Claims for unpaid wages may be resolved through a Bureau of Labor and Industries (BOLI) contested case hearing or through an other than contested case hearing; or they may be resolved by either a justice court or a circuit court, as those courts expressly share concurrent jurisdiction for wage claims. *See* ORS 652.330, 652.332 (describing BOLI's enforcement powers in wage claims); ORS 652.370(1) (expressly conferring concurrent jurisdiction for wage claims in justice courts and circuit courts).

Under the second part of the *Sanok* analysis, because ORS 652.370(1) expressly confers jurisdiction for wage claims in other courts, Claim (3) is outside the Tax Court's jurisdiction.

*Claim (4): Tort claims.* In Request 10, the court concludes that Relator asserts a claim for intentional infliction of emotional distress (IIED), along with an allegation that the

circumstances support an award of punitive damages.[6]  Regardless of whether this claim also can be characterized as a claim for fraud, as Defendant argues, it falls outside this court's jurisdiction because it is a tort claim.  Relator identifies no statute that confers or precludes jurisdiction in this court or any other.  The claim does not affect taxability or the amount of tax.  Like the tort claims in *Sanok*, Claim (4) likely would be heard in a circuit court under the theory of residual jurisdiction.  *See Hefflinger v. Dept. of Rev*. __ OTR __ (Oct 9, 2025) (slip op at 10-11) (discussing residual jurisdiction in circuit courts pursuant to Or Const, Art VII (Original), § 9).

2. *Conclusion as to Subject Matter Jurisdiction*

For the foregoing reasons, the court concludes that none of Relator's four claims falls within this court's subject matter jurisdiction.  The court must dismiss the petition.

B.     *Adequate Remedy*

Having concluded that this court does not have subject matter jurisdiction over Relator's claims, the court does not reach the issue of whether Relator has a plain, speedy, and adequate remedy at law that would preclude issuance of a writ of mandamus.

C.     *Writ of Review*

Having concluded that this court does not have subject matter jurisdiction over any of Relator's claims, the court is prohibited under ORS 34.030(2) from reviewing them.

/ / /

/ / /

/ / /

_____

[6] Request 10 refers to "[p]unitive damages according to IRS."  The court reads this as a request for state-law punitive damages as part of Relator's IIED claim.  To the extent that Relator seeks punitive damages arising under federal tax law, she has cited no authority for such a request, nor is this court aware of any such authority.  Request 10 also includes a reference to "evasion of law," without elaboration, which the court reads as part of Claim (1) (inaccurate reporting) or Claim 2 (failure to remit amounts owed).

III.    ORDERS

For the foregoing reasons, now, therefore,

IT IS ORDERED that Plaintiff-Relator's petition is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Defendant's motion to dismiss the petition is denied as moot to the extent based on other grounds.

Dated this 13th day of July, 2026.

7/13/2026 11:35:44 AM

_____

**Judge Robert T. Manicke**